NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILOU HOLLOWAY, | ) CASE NO. CV 17-5237-R |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| v. | ) MOTION TO REMAND |
| AMETEK, INC., et al., | ) |
| Defendants. | ) |

Before the Court is Plaintiff's Motion to Remand and Award Costs and Attorney's Fees to Plaintiff filed on August 22, 2017. (Dkt. No. 15). Having been thoroughly briefed by all parties, this Court took the matter under submission on September 14, 2017.

On June 8, 2017, Plaintiff filed a complaint in the Superior Court for the County of Santa Barbara. Defendant Ametek was served with the complaint on June 15, 2017. Defendant Ametek filed its answer in the Santa Barbara Superior Court on July 14, 2017. Defendant Ametek timely removed the case on July 14, 2017 with the consent of Defendants Aetna and Hass, who had not yet been served with the complaint. The Complaint alleges thirteen causes of action, including multiple violations of the California Fair Employment and Housing Act ("FEHA"), violations of California law, and breach of the covenant of good faith and fair dealing. Defendants' based their

Notice of Removal on the grounds that ERISA completely preempts Plaintiff's claim for breach of the covenant of good faith and fair dealing and partially preempts certain FEHA claims. The Notice of Removal also alleged diversity jurisdiction. On August 29, 2017, Plaintiff filed a notice of dismissal as to her claim for breach of the covenant of good faith and fair dealing. However, this notice was untimely under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009).

District courts have original jurisdiction over federal question cases. 28 U.S.C. § 1331. Federal question jurisdiction exists when plaintiff's properly pleaded complaint involves a claim arising under the Constitution, laws, or treaties of the United States. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Even if the complaint does not raise a federal claim on its face, federal question jurisdiction exists when federal law completely preempts a state law cause of action. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). If a complaint alleges only state law claims that are entirely encompassed by § 502(a) of the Employee Retirement Income Security Act ("ERISA"), then the complaint is treated as if it is one stating a federal claim and there is federal question jurisdiction. *Marin Gen. Hosp.*, 581 F.3d at 945. If a district court has federal jurisdiction over a claim, it may exercise supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367. A state law claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claims, and the state and federal claims would normally be tried together. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

In this case, ERISA preempts Plaintiff's state law claim for breach of the covenant of good faith and fair dealing, and the Court has federal question jurisdiction over the claim. Plaintiff's claim arises out of an insurance plan issued by Aetna Life Insurance Company and offered by Plaintiff's employer, AMETEK, to its employees. Group insurance plans such as this are governed by ERISA, which provides an exclusive federal cause of action for participants or

beneficiaries who bring actions related to the recovery of benefits under the plan. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). In the Complaint, Plaintiff alleges that Defendant Aetna denied her insurance benefits in bad faith. Therefore, this action is related to the recovery of benefits under the plan and is preempted by ERISA. To the extent that Plaintiff's other causes of action allege that Defendants Aetna and/or AMETEK wrongfully discontinued her disability coverage, these claims are also preempted by ERISA. Accordingly, the Court has federal question jurisdiction over these claims.

The Court also has supplemental jurisdiction over Plaintiff's state law claims. Whether Defendant Aetna acted in bad faith depends on the resolution of Plaintiff's other claims, namely whether Plaintiff was discriminated against and whether her disability insurance was terminated without cause. Therefore, the federal and state law claims arise from a common nucleus of operative fact, and the Court may exercise supplemental jurisdiction over the state law claims.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No. 15).

Dated: October 18, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE